UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DALE M. PEDRETTI,

    Petitioner,

v.

M. CRUZ, Warden,
    Federal Prison Camp – Duluth,

    Respondent.

Civil No. 09-86 (JMR/JSM)

**REPORT AND RECOMMENDATION**

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and upon respondent's Motion to Dismiss [Docket No. 12]. Petitioner claimed that Respondent intends to detain him in prison beyond his proper release date, because the Federal Bureau of Prisons ("BOP") has wrongly determined when he should be transferred from prison to a community confinement or a Residential Reentry Center ("RRC")). On April 14, 2009, Petitioner filed his Reply to Respondent's Response, and requested the Court to order Respondent to begin preparation of Petitioner's RRC referral and transfer Petitioner to the RRC as he requested in his Petition. Reply, p. 9 [Docket No. 11]. On December 23, 2009, Respondent filed a Motion to Dismiss the Petition, contending that the Petition is moot because Petitioner had been transferred to an RRC in October of 2009, and therefore received the relief sought by his petition. Petitioner has not responded to the Motion to Dismiss. The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule

1

72.1. The Court concludes that Petitioner's § 2241 Petition should be denied as moot, and defendant's Motion to Dismiss [Docket No. 12] should be granted.

Petitioner was a prisoner at the Federal Prison Camp in Duluth, Minnesota serving a 27-month sentence, followed by 5 years of supervised release, for bank embezzlement. Resp.'s Motion to Dismiss, pp. 2-3. Petitioner was convicted in the Western District of Wisconsin. Id. Petitioner's projected release date is February 26, 2010, via Good Conduct Time release. Id., p. 2. On October 29, 2009, Petitioner was transferred from FPC-Duluth to the Fahrman Center, an RRC. Id.

"Article III of the Constitution only allows Federal Courts to adjudicate actual, ongoing cases or controversies." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003). "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Id. at 611. Accordingly, the petition for writ of habeas corpus should be dismissed as there is no longer a live case or controversy for this Court to entertain. See Murphy v. Hunt, 455 U.S. 478, 481 (1982).

Petitioner has received the relief originally requested in his Petition, and the conditions of his confinement underlying his filing of the Petition no longer exist. "[A]s a general rule, when a Habeas petitioner protests the conditions of his confinement, his claim becomes mooted when those conditions no longer exist." Gore v. Fondren, 2008 WL 4787652 at *3 (D.Minn. Oct. 31, 2008) (citing Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008), citing Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996)).

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DENIED as moot, and

2. Respondent's Motion to Dismiss [Docket No. 12] be granted.

Dated: January 28, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or **before February 11, 2010** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.